FILED
 2010 Oct-26  PM 01:37
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **GHASSAN MOHAMMED ABU SALIM,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| vs. | ) **Civil Action No. CV-10-S-0992-NE**<br>) |
| **UNITED STATES DEPARTMENT OF HOMELAND SECURITY and UNITED STATES CITIZENSHIP and IMMIGRATION SERVICE,** | )<br>)<br>)<br>)<br>)<br>) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the motion to remand filed by defendants, United States Department of Homeland Security and United States Citizenship and Immigration Service ("USCIS") (collectively referred to as "federal defendants").[1] Plaintiff, Ghassan Mohammed Abu Salim ("Salim"), a citizen of Jordan, initiated this action against the federal defendants to challenge the denial of his naturalization application. Salim's application was first denied on August 14, 2008.[2] He then requested a review hearing before an immigration officer pursuant

---

[1] Doc. no. 11.

[2] Doc. no. 1, Exhibit 1.

to 8 U.S.C. § 1447(a).  USCIS conducted the review hearing on March 26, 2009, and issued its final decision, again denying Salim's application, on February 5, 2010.[3]  Salim filed a petition with this court for *de novo* review of USCIS's decision on April 16, 2010.  Federal defendants move this court to remand Salim's case to USCIS, where "[t]he Atlanta, Georgia Field Office will reopen, conduct a reevaluation of Plaintiff's [application], and issue a new decision."[4]

The Attorney General has the "sole authority to naturalize persons as citizens of the United States." 8 U.S.C. § 1421(a).  Section 1446 of Title 8 of the United States Code instructs the Attorney General to designate employees to conduct examinations of applicants and determine whether such applications should be granted or denied.  *Id.* § 1446(a)-(d).  Even so, Congress has conferred jurisdiction upon a district court in two situations.  First, under 8 U.S.C. § 1421(c), a "person whose application for naturalization under this subchapter *is denied* . . . may seek review of such denial before the United States district court for the district in which such person resides."  *Id.* (emphasis supplied).  "Such review *shall* be *de novo*, and the court *shall* make its own findings of fact and conclusions of law and *shall*, at the request of the petitioner, conduct a hearing *de novo* on the

---

[3] *Id.*
[4] Doc. no. 11, at 2.

2

application." *Id.* (emphasis supplied).  Second, an applicant may petition a district court for a hearing on the application if USCIS fails to render a decision on the application "before the end of the 120-day period after the date on which the examination is conducted."  8 U.S.C. § 1447(b).

The language of the first statutory provision quoted above — § 1421(c), which addresses the district court's role *after USCIS has made a final decision* — is in direct contrast with the language of § 1447(b), which addresses USCIS's failure to issue a decision.  In the latter case, where "there is a failure to make a determination" within one hundred and twenty days of the hearing, "the applicant may apply to the United States district court . . . for a hearing on the matter."  8 U.S.C. § 1447(b).  In that instance, "[s]uch court has jurisdiction over the matter and *may either determine the matter or remand the matter*, with appropriate instructions, to the Service to determine the matter."  *Id.* (emphasis supplied).

In the present case, USCIS has issued a final decision, and Salim, a resident of Madison, Alabama, who has fully exhausted his administrative remedies, seeks review with the court pursuant to 8 U.S.C. § 1421(c).[5]  In response, federal defendants move to remand, noting that USCIS "is prepared to reopen and

---

[5] Doc. no. 1 & Exhibit 1.

3

reevaluate the denial of the Petition for Naturalization of Ghassan Mohammed Abu Salim."[6] What federal defendants have failed to do, however, is identify any statutory basis for remand under § 1421(c), as opposed to § 1447(b). The parties do not cite, and the court is unable to locate, any authority, persuasive or otherwise, that directly addresses and resolves the issue before this court.

Although the court suspects that the lack of authority is due to the obvious answer to the question posed, the court will, nevertheless, analyze the text of § 1421(c). "[T]he starting point for interpreting a statute is the language of a statute itself." *Hallstrom v. Tillamook County*, 493 U.S. 20, 25 (1989) (citations omitted). Section 1421(c), the full text of which is quoted below, is replete with language mandating this court's review of Salim's case.

> A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of title 5. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

8 U.S.C. § 1421(c). Significantly, the foregoing language is devoid of any mention of the possibility of remand. As described in a unanimous *en banc*

---

[6] Doc. no. 11, at 2.

4

decision of the Ninth Circuit addressing § 1421(c), "[u]pon request, the district court *must* undertake a full *de novo* review of [USCIS's] denial" and "is *required* to hold a *de novo* hearing after [USCIS] denies an application."  *United States v. Hovsepian*, 359 F.3d 1144, 1162-63 (9th Cir. 2004) (*en banc*) (emphasis altered). *See also Bustamante v. Napolitano*, 582 F.3d 403, 410 (2d Cir. 2009) ("When USCIS denies an application, Section 1421 provides that the district court's review of the denial is *de novo*, and *the court is required* to make its own findings of fact and conclusions of law . . . ." (citing 8 U.S.C. § 1421(c)) (emphasis supplied); *Navarette v. Holder*, No. CV-F-09-1255 LJO GSA, 2010 WL 1611141, at *3-4 (E.D. Cal. April 20, 2010) ("Pursuant to 8 U.S.C.§ 1421(c) the district court is *required* to hold a *de novo* hearing after the INS denies an application.") (emphasis supplied) (internal quotation marks and citations omitted).

Moreover, when interpreting a statute, a court may consider the words of Congress in context "with a view to their place in the overall statutory scheme." *Davis v. Michigan Department of Treasury*, 489 U.S. 803, 809 (1989).  Again, under § 1447(b), when one hundred and twenty days have elapsed without a final decision by USCIS, and a petition for review of application has been filed, a district court has the "power to pursue either of two options."  *Zhai v. United*

*States Citizenship & Immigration Services*, No. 04-0360-MMC, 2004 WL 1960195, at *3 (N.D. Cal. Sept. 3, 2004). It can either "determine the matter," by "mak[ing] a naturalization decision," or "it can remand the matter." *Id.* In contrast, § 1421(c) indicates what the district court "shall" do. In the parlance of the law, the term "shall" means *must*. *See, e.g.*, *Blacks Law Dictionary* 1407 (8th ed. 2004). Remand is not presented as an option. *See id.* ("Such review *shall* be *de novo*, and the court *shall* make its own findings of fact and conclusions of law and *shall*, at the request of the petitioner, conduct a hearing *de novo* on the application.") (emphasis supplied).

The court can only assume that Congress knew what language to include if it intended to grant district courts the option to remand. Here Congress apparently chose not to do so. Federal defendants' motion to remand is, therefore, DENIED.

DONE this 26th day of October, 2010.

_____
United States District Judge